UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS EDUARDO FELICIANO-MACARIO,

Petitioner,

v.

TONYA ANDREWS, et. al.,

Respondents.

No. 1:26-cv-01941-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 3.

Petitioner asserts he is a citizen of Mexico who entered the United States in or around September 2013 without inspection or apprehension and claims he is a certified member of the Maldonado Bautista Bond Denial Class. See ECF No. 1, pgs. 2 and 6-7. Petitioner contends he has an approved I-130 visa, has no criminal record, is married to a United States citizen and has two children who are United States citizens. See id. at 4 and 11. According to Petitioner, he has lived continuously in the United States until January 15, 2026, when he was detained and placed in removal proceedings. See id. at 4 and 8. Petitioner contends that on February 25, 2026, an Immigration Judge (IJ) denied petitioner a bond hearing reasoning that the IJ lacked jurisdiction because petitioner is an applicant for admission subject to mandatory detention. See

id. at 3.

Petitioner asserts four claims in his petition for writ of habeas corpus: (1) Respondents have violated the Immigration and Nationality Act (INA), by detaining him subject to 1225(b)(2) instead of 1226(a); (2) Respondents have violated the Due Process Clause of the Fifth Amendment by denying him a bond hearing; (3) The IJ's determination to deny Petitioner a bond hearing was arbitrary and is a violation of Administrative Procedures Act §706; and (4) Respondents violated the Suspension Clause of U.S. Const. art. I §9, cl. 2 by systematic deprivation of meaningful habeas review. See id. at 7-14. The District Judge ordered Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from the court's prior orders. See ECF No. 4 (citing Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); and Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026)).

Respondents filed a joint motion to dismiss petition for writ of habeas corpus, response to petition for writ of habeas corpus, opposition to preliminary injunction, and opposition to temporary restraining order. See ECF No. 7. Respondents argued that they oppose a temporary restraining order but did "not identify any material distinction between this case and the court's previous decisions." See id. Accordingly, the court granted the temporary restraining order and issued a preliminary injunction on the same terms, "pursuant to the court's reasoning in Alvarez Maciel and Barajas Ortiz." See ECF No. 9. The court ordered:

> (1) Petitioner shall be released immediately from the Respondents' custody; and
>
> (2) should Respondents attempt to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.
>
> ECF No. 9.

On May 7, 2026, Petitioner filed a motion to enforce judgement, requesting the court to order removal of a GPS ankle monitor which was placed on petitioner by respondent. See ECF No. 13, pg. 2. The district judge ordered "(1) Respondents shall remove Petitioner's GPS monitor . . . [and] (2) Respondents shall not re-detain Petitioner or subject him to any conditions of release beyond those provided in his [13-3] Release on Order of Recognizance . . ." ECF No.

18.

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the motion to dismiss, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and in other cases, see Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and see Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026), that Petitioner's denial of a bond hearing violated 8 U.S.C. § 1226(a). Therefore, the undersigned will recommend the motion to dismiss be denied and the petition be granted.

Also pending before the Court is Respondents' unopposed motion to strike. See ECF No. 10. Respondents assert that one of the exhibits attached to their motion to dismiss/opposition, ECF No. 7-2, was the incorrect I-213 form. See id. Respondents provide the correct I-213 form and inform the Court that Petitioner does not oppose the motion. See id. Good cause appearing, the undersigned will recommend the motion be granted, ECF No. 7-2 be struck from the docket, and ECF No. 10-1 be considered with ECF No. 7.

Based on the foregoing, the undersigned RECOMMENDS that:

1. It is RECOMMENDED that the motion to dismiss, ECF No. 7, be DENIED,
2. It is RECOMMENDED that the motion to strike, ECF No. 10, be GRANTED;
3. It is RECOMMENDED that exhibit ECF No. 7-2 be struck from the docket;
4. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in

written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE